# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOEY STIPEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1059-M |
| | ) | |
| THE STATE OF OKLAHOMA *ex rel.* | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss, filed October 10, 2013. On December 06, 2013, plaintiff responded, and on December 13, 2013, defendant replied. Based on the parties' submissions, the Court makes its determination.

I.  Background

On October 3, 2013, defendant removed this action from the District Court of Cleveland County, State of Oklahoma to this Court. Plaintiff brought this action against defendant alleging that defendant denied plaintiff access to information regarding parking citations issued on the campus of the University of Oklahoma ("the University"). During the 2012 fall semester, plaintiff was the online editor at the Oklahoma Daily.[1] Plaintiff, along with Lindsey Ruta ("Ruta"), who was the campus editor of the Oklahoma Daily, and Arianna Pickard ("Pickard"), a reporter for the newspaper, made several requests to the University for an electronic copy or database of parking tickets or citations, and vehicle registrations issued for the spring 2012 semester. The documents provided by the University for the initial request made by plaintiff

---

[1] The Oklahoma Daily is a student newspaper published at the University.

1

"contained no identifiable information about the person or persons to whom the vehicles were registered." Notice of Removal Ex. 3 – Pet. ¶ 11.

On September 21, 2012, Pickard requested access to all parking citations issued at the University with a list of names of the persons to whom the cited vehicles were registered, and on October 1, 2012, Rachel McCombs ("McCombs"), Director of the Open Records Office at the University, responded denying the request "asserting that the citations were protected under the Federal Educational and Privacy Rights Act ("FERPA") and, thus, exempt from disclosure under the Oklahoma Open Records Act ("OORA"). *Id.* ¶¶ 11 & 12. Between October 1, 2012, and November 27, 2012, plaintiff and Ruta continued to make requests via email to the Open Records Office and McCombs continually denied access to the parking citations. On November 26, 2012, plaintiff asked McCombs to clarify the reasons for the denial, and on November 27, 2012, McCombs responded by stating:

> As we have previously stated, FEPRA provides that any records maintained by the University which relate to a student are protected by FEPRA.
>
> \*         \*         \*         \*         \*
>
> As we have previously stated, nonstudent parking tickets are not protected by FEPRA. As explained to Lindsey, the parking system cannot pull a list of tickets that does not include students. I believe the OU Daily has spoken with Doug Myers in Parking and Transportation about this.

*Id.* ¶¶ 13-15.

On April 13, 2013, and again on April 17, 2013, plaintiff renewed his requests for access to a database or electronic document of all registered vehicles. The Open Records Office again denied these reports, claiming that a report of all currently registered vehicles could not be provided, and access to the database was prohibited because there was confidential information in the database exempt from disclosure under the OORA. On April 24, 2013, plaintiff retained

attorney Nicholas Harrison, and on May 8, 2013, Harrison sent[2] a formal demand letter to David Boren, President of the University, stating:

> My client is aware that the University of Oklahoma maintains the following: (1) rosters of its coaches and student athletes, (2) registries of faculty, staff, and student vehicles for the purposes of billing accounts for parking violations, (3) records of parking citations issued each year, and (4) records of parking citations that are dismissed (possibly with the person who communicated with the office). Thus, pursuant to the Oklahoma Open Records Act, my client formally tenders a request to all of the aforementioned files or databases for inspection or more specifically, the records in the second, third, and forth requests which match up with the coaches and student athletes on the roasters in the first request.

*Id.* ¶ 21. The University never responded to plaintiff's demand letter and, as a result, plaintiff construed the University's lack of response as an effective denial and proceeded with the filing of this action.

Based on defendant's alleged actions of denying plaintiff access to a database or electronic document identifying parking citations with identifiable information, plaintiff, pursuant to the OORA, seeks declaratory or injunctive relief from this Court, compelling defendant to make the records requested available to plaintiff.

II.     Standard for Dismissal

Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's complaint in its entirety. Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the

---

[2] A copy of the demand letter was also submitted to the Board of Regents. Notice of Removal Ex. 3 – Pet. ¶ 22.

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Oklahoma Open Records Act

Defendant asserts that plaintiff's Complaint should be dismissed because he fails to plead any violation of the OORA. Plaintiff contends he is legally entitled to the requested records

4

because under the OORA, all public records must be made available unless an exception can be shown. The OORA requires

> All records of public bodies and public officials shall be open to any person for the inspection, copying, or mechanical reproduction during regular business hours; . . .

Okla. Stat. tit. 51, § 24A.5. Further the OORA defines a record as,

> [A]ll documents, including, but not limited to, any book, paper, photograph, microfilm, data files created by or used with computer software, computer tape, disk, record, sound recording, film recording, video record or other material regardless of physical form or characteristic, created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, the expenditure of public funds or the administering of public property.

Okla. Stat. tit. 51, § 24A.3(1). Defendant asserts that plaintiff never requested the records he seeks to compel[3] and according to the OORA, civil suits "shall be limited to records requested

---

[3] The Court acknowledges defendant's assertion that plaintiff's prayer for relief ("declaration or injunctive relief compelling the Defendant[ ] to release *all parking citations* issued by the University of Oklahoma") is inconsistent with plaintiff's statement of facts in which plaintiff indicates that in the first initial request made on September 10, 2012, plaintiff requested "an electronic copy or database of parking tickets or parking citations *issued for the spring 2012 semester.*" Notice of Removal Ex. 3 – Pet. ¶¶ 10 & 30 (emphasis added). However, the Court finds this inconsistency does not make plaintiff's Complaint deficient under Federal Rule of Civil Procedure 8(a) which states:
> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

and denied prior to filing of the civil suit." Def. Motion to Dismiss at 4 (*citing* Okla. Stat. tit. 51, § 24A.17(B)(1)).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has sufficiently pled a claim alleging that he requested records subject to the OORA and was denied those records by the University prior to filing suit. Further, the Court finds that plaintiff, either on behalf of the Oklahoma Daily or himself, made at least three requests[4] to the Open Records Office at the University for access to an electronic copy or database of parking tickets/citations and/or vehicle registrations. With each request, plaintiff was either given documents lacking the information he requested or was told the information could not be provided because the information was protected by FERPA. Accordingly, the Court finds that plaintiff's Complaint contains sufficient factual matter for the Court to plausibly believe that defendant is required to make available the requested records pursuant to the OORA.

### B. Federal Educational and Privacy Rights Act

FERPA defines an educational record as:

> (4)(A) For the purposes of this section, the term "education records" means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which—
> (i) contain information directly related to a student; and
> (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.

20 U.S.C. § 1232g(4)(A). FERPA further states that:

---

[4] Plaintiff's first request was made on September 10, 2012, on behalf of the Oklahoma Daily. Plaintiff's second request was made with Lindsey Ruta, between October 1, and November 21, 2012, on behalf of the Oklahoma Daily. Plaintiff's third request was made on behalf of plaintiff individually, on April 13, 2013, and again on April 17, 2013.

> (B) The term "education records" does not include-- . . . (ii) records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement; . . .

20 U.S.C. § 1232g(4)(B)(ii). Defendant asserts that the records requested by plaintiff are educational records as defined by FERPA and, therefore, are confidential and fall within an exception of the OORA which states, "The Oklahoma Open Records Act, . . . , does not apply to records specifically required by law to be kept confidential . . . ." Okla. Stat. tit. 51, § 24A.5(1). Plaintiff contends that FEPRA does not apply to his requests, and even if it does apply, as defendant asserts, it only applies to parking citations issued to students. Plaintiff asserts that pursuant to the OORA, "Any reasonably segregable portion of a record containing exempt material shall be provided after deletion of the exempt portions. . . ." Pl.'s Resp. at 10 (*citing* Okla. Stat. tit. 51, § 24A.5(2)).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has alleged sufficient factual matter to state a plausible claim that he is entitled to the records requested. Plaintiff made several requests on behalf of the Oklahoma Daily and individually, for an electronic record or database of parking citations and vehicle registrations at the University. Further, the Court finds there is a question of fact as to whether parking citations/vehicle registration records are considered a part of the educational record as defined by FEPRA. Accordingly, at this stage in the litigation, the Court finds it plausible that parking citations and vehicle registrations are not educational records as defined by FEPRA and, therefore, are subject to the OORA.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss [docket no. 9].

**IT IS SO ORDERED this 14th day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE